USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/25/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Johnson,

                Plaintiff,

–v–

Classic Material NY, LLC,

                Defendant.

19-cv-10529 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff, a professional photographer and business owner, brings an action for direct copyright infringement under 17 U.S.C. § 501. The Plaintiff alleges that the Defendant printed Plaintiff's photographs on the Defendant's apparel-products and sold them without Plaintiff's consent. The Defendant has been served but failed to appear and so the Plaintiff moves for default judgment. For the reasons that follow, Plaintiff's motion is GRANTED.

### I.    BACKGROUND

#### A. Factual Background

    The following facts are drawn from Plaintiff's Complaint, Motion for Default Judgment, and the attached exhibits and affidavits thereto. Dkt. No. 1. Plaintiff is a professional photographer and artist in New York City. *Id.* ¶ 7. Plaintiff also runs his own business in which he produces, markets, and sells apparel emblazoned with his photographs. *Id.* ¶¶ 10-11. In June 2001, Plaintiff shot a series of photographic portraits of recording artist and actress Aaliyah on commission from Entertainment Weekly Magazine prior to her untimely passing. *Id.* ¶ 12. Plaintiff has secured U.S. copyright registration for all of the photographs from the shoot. *Id.* ¶

18.  Plaintiff licensed to Entertainment Weekly Magazine the right to publish certain photographs from the shoot, but has not licensed or otherwise transferred the rights to the photographs to anyone else.  *Id.* ¶¶ 13, 17.

Plaintiff's apparel line includes t-shirts emblazoned with photos from the shoot, which he sold from March 2016 through March 2019.  *Id.* ¶ 15.  Plaintiff carefully supervised the development and design of these products to ensure that they were of the highest quality, including using the best printing methods to create a proper visual for his photos.  Dkt. No. 22, ¶ 8.  Plaintiff sold approximately 201 of these products.  *Id.* ¶ 9.

Defendant is a company that produces apparel, which it sells on its e-commerce website to the public, including in the Southern District of New York.  *Id.* ¶ 19.  Defendant designed and produced apparel emblazoned with one of the photographs from Plaintiff's June 2001 photoshoot of Aaliyah (hereinafter "the Aaliyah Photograph").  *Id.* ¶ 22.  Plaintiff has never licensed or granted Defendant any usage rights relating to the Aaliyah Photograph.  *Id.* ¶ 27.  Defendant sold those apparel products with the Aaliyah Photograph to members of the public through its website.  *Id.* ¶ 23.  Defendant's products that are emblazoned with the Aaliyah Photograph are inferior to Plaintiff's in quality.  *Id.* ¶ 26.

**B. Procedural Background**

Plaintiff filed a Complaint in this Court on November 13, 2019, bringing claims against Defendant for direct copyright infringement under 17 U.S.C. § 501.  Dkt. No. 1.  Defendant was served the Summons and Complaint on January 10, 2020.  Dkt. No. 11.  The deadline for Defendant to respond to the Complaint was January 31, 2020.  *Id.*  Defendant has not appeared in the action.  The Clerk of Court issued a Certificate of Default on February 12, 2020.  Dkt. No.

15. Plaintiff filed a Motion for Default Judgment, in which he seeks statutory damages and attorney's fees and costs pursuant to 17 U.S.C. §§ 504, 505. Dkt. Nos. 20-22.

## II. DISCUSSION

Federal Rule of Civil Procedure 55 sets out a two-step procedure for the entry of judgment against a party who fails to defend: the entry of a default and the entry of a default judgment. *See New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 128 (2d Cir. 2011); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop,* 645 F.3d at 128. Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The district court must still determine whether the allegations in the complaint state a claim upon which relief may be granted. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

### A. Liability

Defendant Classic Materials NY, LLC has not participated in this litigation, despite service of the Complaint and the instant motion. The Court therefore accepts as true all well-pleaded allegations in the complaint but must still determine whether those allegations establish a "legal basis" for liability. *Jemine v. Dennis*, 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012) (citing

*Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The Court thus examines "whether [the] plaintiff's allegations are *prima facie* sufficient to demonstrate liability for the cause of action as to which they are seeking a default judgment." *Morozov v. ICOBOX Hub Inc.*, No. 18-cv-3421 (GBD) (SLC), 2020 WL 5665639, at *1 (S.D.N.Y. May 5, 2020), *report and recommendation adopted*, No. 18-cv-3421 (GBD) (SLC), 2020 WL 5665563 (S.D.N.Y. Aug. 18, 2020). The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Copyright infringement is established by proving 'ownership of a valid copyright' and 'copying of constituent elements of the work that are original.'" *Boisson v. Banian, Ltd*, 273 F.3d 262, 267 (2d Cir. 2001) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). A plaintiff must therefore allege: (1) that he or she has ownership of a valid copyright, (2) that the defendant actually copied it, and (3) that the defendant copied original elements. *Id.* As explained below, Plaintiff has sufficiently alleged each of these elements.

1. **Ownership**

A certificate of copyright registration made "made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright." 17 U.S.C. § 410(c). The "presumption of validity" from a certificate of copyright registration may be rebutted by presenting evidence that the copyright is in fact not valid. *Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 763 (2d Cir. 1991). "[I]f the certificate of copyright registration is not obtained within five years of the first publication of the work, the work is not

entitled to the statutory presumption of validity" and "the 'evidentiary weight to be accorded the certificate . . . shall be within the discretion of the court.'" *Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, 589 F. Supp. 2d 375, 381-82 (S.D.N.Y. 2008) (citing 17 U.S.C. § 410(c)).

Plaintiff has attached to his Complaint a copy of his certificate of U.S. Copyright Registration of the "Aaliyah photograph collection," which has an effective date of registration of December 9, 2013. Dkt. No. 1. The Complaint alleges that the photos were taken in June 2001 and were apparently licensed for public distribution by Entertainment Weekly Magazine shortly thereafter. Therefore, under § 410(c), Plaintiff is not automatically entitled to the presumption of validity.

Nonetheless, Defendant has not appeared in this case to present evidence that would draw the validity of the copyright into question, and the Court has not identified anything in the record suggesting invalidity. "For more than a century photographs have been held to be copyrightable 'writings' under Article I, § 8 of the Constitution." *Rogers v. Koons*, 960 F.2d 301, 306 (2d Cir. 1992). Plaintiff has sufficiently alleged that he took and owned the photos, and subsequently took steps to verify that ownership through copyright registration. Therefore, the Court "in its discretion, will consider the certificate[] as prima facie evidence of valid copyrights in the Images." *Michael Grecco Photography, Inc.*, 589 F. Supp. 2d at 382. *See also Yurman Design, Inc. v. Golden Treasure Imports, Inc.*, 275 F. Supp. 2d 506, 515 (S.D.N.Y. 2003) (affording certificates registered after five years the "presumption of validity" because defendants had not come forward with any evidence to the contrary nor was there any in the record); *Telerate Sys., Inc. v. Caro*, 689 F. Supp. 221, 227 n.7 (S.D.N.Y. 1988) (same).

   2. **Actual Copying**

It is "an axiom of copyright law that actionable copying can be inferred from the defendant's access to the copyrighted work and substantial similarity between the copyrighted work and the alleged infringement." *Laureyssens v. Idea Grp., Inc.,* 964 F.2d 131, 139 (2d Cir. 1992). Plaintiff has alleged that the Aaliyah Photograph was licensed to Entertainment Weekly Magazine to be distributed for public viewing, and Plaintiff himself has produced and sold apparel emblazoned with the image, and thus the Court reasonably assumes that members of the general public, including Defendant, had access. Moreover, Plaintiff has attached to his Complaint a copy of the copyrighted Aaliyah Photograph and a photograph of Defendant's allegedly infringing product, which appear identical, and "such similarities between the works [], under all the circumstances, make independent creation unlikely." *Id.* Plaintiff has therefore sufficiently alleged that Defendant actually copied Plaintiff's copyrighted Aaliyah Photograph.

### 3. Originality

"[N]ot all copying results in copyright infringement, even if the plaintiff has a valid copyright," because it may not be true that "every element of that work is protected." *Boisson*, 273 F.3d at 268. "The *sine qua non* of copyright is originality. . . [t]o qualify for copyright protection, a work must be original to the author." *Feist Publications, Inc.*, 499 U.S. at 345. "Originality does not mean that the work for which copyright protection is sought must be either novel or unique," but rather that the work is one that is "independently created by its author, [] not copied from pre-existing works, and . . . comes from the exercise of the creative powers of the author's mind." *Boisson*, 273 F.3d at 268. In the realm of photography, "[e]lements of originality in a photograph may include posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved." *Rogers*, 960 F.2d at 307.

6

Plaintiff has sufficiently alleged the Aaliyah Photograph is original. According to the Complaint, Plaintiff organized and ran the photoshoot out of which he generated unique photographs of the artist and actress Aaliyah through his own artistic ingenuity. There is nothing in the record to suggest that these photographs were in anyway copied or derivative of pre-existing works.

\* \* \*

Because Plaintiff has sufficiently alleged that he owned the copyright of the Aaliyah Photograph, and that Defendant copied aspects of that work that were original, Plaintiff has made out a prima facie claim of copyright infringement under 17 U.S.C. § 501.

### B. Damages

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The district court instead must conduct an inquiry consisting of two tasks: (1) "determining the proper rule for calculating damages"; and (2) "assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id*. The court may award only those damages it can ascertain with "reasonable certainty." *Id.* (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).

Under the Copyright Act, a plaintiff may recover actual damages and "any profits of the infringer." 17 U.S.C. § 504(b). Additionally, the Copyright Act allows that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action . . . in a

7

sum of not less than $750 or more than $30,000 as the court considers just." *Id.* at § 504(c)(1). Plaintiff has elected to forego actual damages and recover statutory damages under § 504(c).

Additionally, in cases "where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* at § 504(c)(2). The allegations here establish that Defendants' infringement was willful. Infringement is willful where "the defendant had knowledge that its conduct represented infringement or perhaps recklessly disregarded that possibility." *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999). Accepting the allegations in Plaintiff's complaint as true, the Court concludes that Defendant, as an experienced apparel manufacturer and seller, at least recklessly disregarded the risk that it was infringing copyrighted material in printing *identical* photographs onto its products. Moreover, this conclusion is bolstered by Defendants' decision not to appear in this action, as "[c]ourts frequently infer willfulness where a defendant defaults." *Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 826 F. Supp. 2d 619, 631 (S.D.N.Y. 2011); *All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 621 (S.D.N.Y. 2011) (collecting cases). Plaintiff is therefore eligible for the heightened statutory damages award under § 504(c)(2).

In assessing the appropriate amount of statutory damages within the range provided under § 504(c)(2), the Court is to consider factors such as: "(1) the infringers state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

The Copyright act affords "wide discretion . . . [to] the trial court in setting the amount of statutory damages." *Fitzgerald Pub. Co. v. Baylor Pub. Co.,* 807 F.2d 1110, 1116 (2d Cir. 1986).

The Court begins its analysis with the amount of profits earned by Defendant. As a result of Defendant's default, Plaintiff was not able to obtain discovery on the exact figures regarding the revenue generated from Defendant's infringement. However, Plaintiff has provided sufficient allegations for the Court to reasonably approximate this number. Plaintiff alleges that on Defendant's website, Defendant sold an infringing T-shirt for $34.99 and an infringing sweatshirt for $54.99. Dkt. No. 21. Moreover, Plaintiff submits that Plaintiff's own sales of his units of apparel, totaling 201 units, is a reasonable approximation of Defendant's sales of the infringing products. The Court agrees that using this comparison of a similar apparel-product at different company to approximate the amount of Defendant's sales is sufficient in these circumstances. "The Second Circuit instructs that in determining infringement damages, courts are to resolve against the defendants any factual uncertainties . . . when the defendants left the uncertainty by not responding to the evidence of counterfeit sales with evidence of their own." *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 169 (S.D.N.Y. 1999) (discussing statutory damages for trademark infringement) (citing *Louis Vuitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966 (2d Cir.1985)). Accordingly, with the reasonable assumption that Defendant sold at least 201 units of each infringing product, Defendant's approximate revenue from the infringement is $18,085.98. Further, the Court will consider this amount as reasonable approximation of Defendant's overall profits, because "[i]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b).

However, an award based off Defendant's profits alone is insufficient in this case. The Court will award Plaintiff triple that amount for the following reasons. First, the Court must account for Plaintiff's losses from Defendant's infringement. These losses, including the inability to realize gains from his ownership due to the erosion of the market value of the photograph, as well as the reputational damage to Plaintiff as a professional photographer and businessperson, are difficult to quantify but are nonetheless real. *See Fitzgerald Pub Co.*, 807 F.2d at 1117 (noting that courts may consider "revenues lost by the plaintiff" in assessing damages). Similarly, the Court takes into account the significant value of Plaintiff's copyright. *See Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 373 (S.D.N.Y. 2020) (considering the "marks and copyrights to be highly valuable" in assessing statutory damages). Plaintiff has alleged that the Aaliyah Photographs have been featured in a best-selling book and in gallery exhibitions as an iconic piece in the photographic history of hip-hop music and culture. Considering as well the popularity and untimely death of the person who is the subject matter of the photographs, the Court determines that the copyrights of these rare photographs are highly valuable.

Lastly, a substantial award is warranted because of Defendant's culpability. Because Defendant's state of mind was willful, "the potential for discouraging the defendant" from future infringement should be "factored into the determination of the award." *Fitzgerald Pub. Co.*, 807 F.2d at 1117. *See also RSO Recs., Inc. v. Peri*, 596 F. Supp. 849, 862 (S.D.N.Y. 1984) ("[C]ourts have [] recognized that Congress's provision for a greater award in cases of willful infringement indicates that statutory damages may in such cases exceed the amount of documented damages."). The Court therefore determines that a statutory damages award of $54,257.94 is appropriate. *DC Comics, Inc. v. Bobtron Int'l, Inc.,* No. 89 CIV. 4358 (MBM),

1990 WL 106771, at *2 (S.D.N.Y. July 25, 1990) (ordering damages in the amount of three times Defendant's profits because, among other considerations, the infringement was willful).

### C. Attorney's Fees and Costs

In addition to damages, the Copyright Act provides that "the court in its discretion may allow the recovery of full costs . . . [and] reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. In exercising its discretion to award attorney's fees and costs under the statute, the Court is to consider factors such as "(1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010). The Court determines that it is appropriate here to award attorney's fees and costs to compensate Plaintiff for the amounts it incurred in obtaining judgment by default. *See Pearson Educ., Inc. v. Vergara,* No. 09 CIV 6832 JGK KNF, 2010 WL 3744033, at *5 (S.D.N.Y. Sept. 27, 2010) (granting attorney's fees and costs pursuant to § 505 where defendant failed to appear).

In determining attorney's fees and costs, the party seeking those amounts "must submit records that enable the Court to determine whether the fee is reasonable." *Hounddog Prods., L.L.C.*, 826 F. Supp. 2d at 634 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983)). The Court is to "consider factors including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially

11

acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008).

Plaintiff's counsel submitted an affidavit attesting that he is in his eighth year of legal practice and specializes in copyright and trademark law, and that his standard billing rate is $385 an hour. Dkt. No. 21, ¶ 17. Based on its knowledge, the Court determines that the hourly rate is reasonable for an attorney in their eighth year of practice with a specialty in copyright law. *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 188 F. Supp. 3d 333, 338 (S.D.N.Y. 2016) ("The court may determine the reasonable hourly rate by relying both on its own knowledge of comparable rates charged by lawyers in the district and on evidence proffered by the parties.") (internal quotation marks omitted). Plaintiff's counsel also attached an invoice of the legal work performed for Plaintiff in this matter, totaling 10.7 hours (not including the hours expended in unsuccessful attempts to get Defendant to engage in settlement). *Id.* ¶ 19-20. The invoice delineates clearly the hours spent on each task. Dkt. No. 21-5. The Court determines from Plaintiff's counsel's invoice that the amount of hours expended in this case were reasonable and only as necessary to secure default judgment. *Matteo v. Kohl's Dep't Stores, Inc.*, No. 09–CV–7830, 2012 WL 5177491, at *4 (S.D.N.Y. Oct. 19, 2012) ("A court evaluating the reasonableness of the number of hours claimed must examine the attorney's records that detail the time expended[.]"). The Court will therefore grant Plaintiff $4,119.50 in attorney's fees.

Additionally, Plaintiff seeks to recover costs for the $400 filing fee to commence this action and $281.25 in process server fees, totaling $681.25. Dkt. No. 20-1. Plaintiff has attached

12

the invoices for both of these costs. Dkt. No. 21-6. The Court determines that Plaintiff has sufficiently demonstrated that it incurred these costs and that recovery for these costs is reasonable.

### III. CONCLUSION

For the above reasons, Plaintiff's motion for default judgment is GRANTED. It is hereby ORDERED that Plaintiff is entitled to judgment of $54,257.94 in statutory damages pursuant to 17 U.S.C. § 504. It is FURTHER ORDERED that Plaintiff is entitled to $4,119.50 in attorney's fees and $681.25 in costs pursuant to 17 U.S.C. § 505.

This resolves Dkt. No. 20. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: March 25, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge